BARNS, PAUL D., Associate Judge.
As the result of a divorce, the appellant Theresa M. Rogers Joyner, and the appellee, James R. Rogers, became tenants in common of a home place, share and share alike, and possession was awarded to the wife by the final decree. See Rogers v. Rogers, Fla. App.1965, 175 So.2d 232. This appeal is from a final decree of partition entered December 3, 1964, and the assignments of error are based on a post decretal order of January 22, 1965, providing for the distribution of the proceeds of the sale of the property made pursuant to the final decree of partition. We find error and reverse.
The complaint stated that the plaintiff husband and his former wife owned the home place, share and share alike, and the prayer for relief was:
“WHEREFORE, the plaintiff prays judgment for the partition of the above described property, according to the respective rights of the parties aforesaid; or, if partition cannot be had without material injury to those rights, then for a sale of the said real property, and, after payment of reasonable attorneys’ fees for plaintiff’s counsel and costs, a division of the proceeds between the parties according to their respective rights; and to do such other and further things as to the Court may seem fit and proper.”
The complaint made no claim for relief based on rent due and owing to him by the defendant-wife for use of the premises, as he might have done. Szabo v. Speckman, 1917, 73 Fla. 374, 74 So. 411, L.R.A.1917D, 357.
The appellee-husband on December 24, 1965, filed a motion to confirm the master’s report of sale and for the court’s directions to the master to pay to the husband from the wife’s share of the proceeds of the sale a one-half share of the rental value of the property from May 1, 1962, and for attorney’s fees.
The wife promptly filed a motion to strike the husband’s claim for rent and objected to the allowance of attorney’s fees. The husband’s claim for rent is based on an order entered in the divorce action, but the husband’s motion fails to state the date of the order.
The trial court, without passing on the wife’s motion to strike, directed the master to pay to the plaintiff from the proceeds of the sale “$1765.15 due him representing one half (14) of the rental value of the property * * * from May 1, 1962 until possession of the property which is the subject matter of the proceedings is delivered to James R. Rogers”, the husband and the purchaser at the master’s sale.
This appeal was taken before the reversal of the order amending the final decree in Rogers v. Rogers, supra, for want of jurisdiction of the lower court. The record before us shows that the wife was awarded the right of possession of the property partitioned in this action. There is nothing in *630 this record to support an award out of the wife’s share of the proceeds of the sale to the husband for rent due him from the wife; first, the husband made no such claim in his complaint, and secondly, the record indicates the wife was entitled to the possession up to the time the partition sale was confirmed. See also opinion in Rogers v. Rogers, supra.
The award of attorney’s fees to the husband out of the proceeds of the sale is affirmed, but the award to the husband for rent is reversed.
ANDREWS, Acting C. J., and WALDEN, J., concur.